HUGH McGILLIVRAY, as Administrator of the Estate of Mary J. McGillivray Street, Respondent, v. FIRST NATIONAL BANK OF DICKINSON, a Banking Corporation, Defendant, and H. E. MONTAGUE, Intervener and Appellant.

(217 N. W. 159.)

**New trial — newly discovered evidence — not likely to affect result — not error to deny motion for new trial.**

Where a motion for a new trial is made on the ground of newly discovered evidence, and where it appears that such evidence would not be likely to affect the result upon another trial, it is not error to deny the motion.

Opinion filed November 30, 1927.

New Trial, 29 Cyc. p. 901 n. 59.

Appeal from the District Court of Stark County, *Pugh*, J. Affirmed.

*Newton, Dullam & Young* and *Simpson & Mackoff,* for appellant.
*L. R. Baird,* for First National Bank, defendant.
*Crawford, Cain & Burnett,* for respondent.

BIRDZELL, Ch. J.    This is an appeal from an order denying a motion of the intervener for a new trial.    The ground for the motion is alleged newly discovered evidence.    The evidence is set forth in an affidavit of one T. A. Tollefson, cashier of the First National Bank of Dickinson.    That part of the affidavit which contains the evidence pertinent to the issues in the cause is as follows:    Referring to a conversation between Mrs. Street and Tollefson prior to the time when the former went to California in the fall of 1923, the affiant says:

"Mrs. Street, whose full name was Mary McGillivray Street, told affiant that she intended to be going to California some time in the near future to spend the winter, and that she desired for him to arrange things with reference to the making of her income tax report, and that it was the custom of the affiant to assist the said Mrs. Street every year with the making out of her income tax return (and also to discuss with her the business that she may have had at the bank); that at the same time the affiant had the conversation with Mrs. Street during the time last mentioned at the First National Bank office at Dickinson, North Dakota, that the said Mrs. Street mentioned something with reference to the C. Ds. in the sum of $47,500 that had been issued to her by the First National Bank of Dickinson; that affiant does not remember the exact wording of the conversation had between him and the said Mrs. Street at that time, but remembers the said conversation in substance; that the said Mary McGillivray Street then said that she had Mr. R. H. Johnson make out the certificates of deposit for her, and that she had requested him to make the C. Ds. payable to herself or Claude Montague, whose true name is H. E. Montague, so that if anything happened to her, Mary McGillivray Street, that the C. Ds. were to be paid by the First National Bank to Claude Montague, and that Claude Montague would know what to do with the money when he received it, if anything happened to her; that affiant does not remember the exact wording, that is, as to whether or not in the event anything happened to her, or in the event of her death that the said C. Ds. were to be paid to the said Claude

Montague, but the import of the conversation was that in event of the death of said Mary McGillivray Street that the said C. Ds. afore-mentioned were to be paid by the said First National Bank of Dickinson to Claude Montague, who would know what was to be done with the said C. Ds., and that this conversation was in conformity with the conversation had between the affiant and the said Mrs. Street prior to September 20th, in which she mentioned the fact that she would change the C. Ds. that had been issued to her prior to such time.".

For the reasons stated in the opinion of this court in McGillivray v. First Nat. Bank, ante, 152, 217 N. W. 150, it is apparent that the result of another trial of the issues would not be influenced by the evidence in question. It does not, in our opinion, substantially tend to prove that Mary McGillivray Street in her lifetime created a trust of the bank deposit. It rather tends to substantiate the conclusion of this court that a testamentary disposition was intended.

It follows that there was no error in making the order appealed from and it is affirmed.

NUESSLE, CHRISTIANSON, BURKE, and BURR, JJ., concur.